UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robbin T. Schwartzenhauer et al.[1]

      v.                                      Civil No. 23-cv-506-JL-TSM

Hillsborough County and Hillsborough
County Department of Corrections

## REPORT AND RECOMMENDATION

Before the court is the Complaint (Doc. No. 1) signed by thirty-three pretrial detainees and/or prisoners at the Hillsborough County Department of Corrections ("HCDOC") Valley Street Jail in October 2023 and November 2023. Plaintiffs assert that the conditions at the Valley Street Jail have violated their rights to humane conditions of confinement under the U.S. Constitution and the U.N. Declaration of Human Rights. Plaintiffs, appearing here without counsel,[2] seek to have their case certified as a class action, on behalf of all people incarcerated at the HCDOC Valley Street Jail at any time in 2023. Also before the court is the motion to proceed in forma pauperis (Doc. No. 2), signed by two of the plaintiffs, Grant J. DeGiacomo and Robbin T. Schwartzenhauer, who intend to be the lead plaintiffs in this action.

This matter has been referred to the magistrate judge to conduct a preliminary review,

---

[1] The plaintiffs who signed the Complaint (Doc. No. 1) are Jason Peloquin; Justis A. Lugo; Cesar Medina Morales; John Delee; Shawn Robinson; Ramon Dejesus; Grant J. DeGiacomo; Robbin T. Schwartzenhauer; Thomas "LNU" (whose last name is unknown or illegible); Lincoln LNU; Cody Lavallee; Jon Schiavone; Jose Ramirez; Jose Perez; Ricardo Velazquez; Muhsin Mohamed; Ezquiel Polanco; Michael Kittredge; Atiba T. Moore; Keith Beal; Nick Simons; Calen Kutrubes; Justin Nagy; Lavaughn Barnett; Ryan Labrecque; Ashton Bell; David Madol; Nicholas (Acevedo) LNU; Calvin DeGreenia; Victor Chamorro; Richard Potts; Christian Morales; and Brandon Ross.

[2] The motion for appointment of counsel (Doc. No. 3) filed by Mr. DiGiacomo and Mr. Schwartzenhauer is the subject of an Order issued this date.

pursuant to 28 U.S.C. § 1915A; LR 4.3(d)(1).  That review is pending and may include consideration of whether the claims or parties in this action should be dismissed, dropped, or severed for reasons including a failure to state a claim upon which relief may be granted or misjoinder.[3]  As this case involves multiple pro se plaintiffs requesting class certification, only two of whom have specifically asked for leave to proceed in forma pauperis in this action, the court subjects the instant complaint to a pre-screening to determine whether class certification is appropriate, and whether and how the filing fee may be paid, apportioned, waived or deferred.  For reasons stated below, the undersigned magistrate judge recommends that the district judge deny the request for class certification in the complaint (Doc. No. 1) without prejudice and deny the motion seeking leave to proceed in forma pauperis (Doc. No. 2) without prejudice.

**Background**

The thirty-three named plaintiffs are pretrial detainees or convicted prisoners at the HCDOC's Valley Street Jail in 2023.  Each of them signed the complaint (Doc. No. 1) individually in late October or early November 2023, and then filed it, initiating this action without counsel.  These pro se plaintiffs assert claims of violations of their federal rights, which this court liberally interprets as seeking relief under 42 U.S.C. § 1983, against the defendants, Hillsborough County ("County") and its agency, the HCDOC.

---

[3] See generally LR 4.3(d); see also Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."); Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (district judges "should be able to spot a complaint" with misjoined claims "within days of its filing," and then "solve the problem by severance (creating multiple suits that can be separately screened))".

The Complaint lists the conditions that the plaintiffs claim violate their rights. First, they assert that skin rashes are prevalent, and they complain that their bedding is changed only once every three months. They assert that the air temperature in the jail fluctuates and that they receive only two sets of clothes and a single blanket, which they assert is insufficient to stay warm or comfortable.

They assert that bad breath and tooth decay are common conditions among the population at the Valley Street Jail. They complain that the mouthwash in the commissary is not anti-septic, and they lack free dental floss.

They further assert claims about their meals. They do not know the ingredients in their meals, and they cannot choose what is served or provide feedback to the kitchen. Their meals may include vegetables but no fresh salads, white bread but no whole grain alternative, and an apple occasionally but no daily serving of fresh seasonal fruits, fresh-brewed coffee, or 100% pure orange juice.

They assert that the tap water is unfiltered. They claim that when they ran tap water through an N-95 filter for an hour, a dark brown residue of an unknown nature appeared on the filter.

The plaintiffs further assert that new inmates at the jail do not receive adequate orientation regarding facility resources and policies. And while they acknowledge that HCDOC inmates may receive electronic devices or tablets at the Valley Street Jail, they allege that the content is limited and not free. Movies, games, and TV cost $0.05 per minute, and phone calls cost $0.20 per minute.

In their prayer for relief (Doc. No. 1), plaintiffs ask for declaratory and injunctive relief,[4] and they seek to have their case certified as a class action.

**Discussion**

I.   Class Certification

The thirty-three plaintiffs seek to bring this action on behalf of "all inmates" of the Valley Street Jail, including those presently at the facility and those who have been incarcerated there at any time, pre or post trial, during 2023. Compl. (Doc. No. 1), at 15. The proposed class consists of hundreds of men and women.[5]

A Rule 23 class action is an action in which "[o]ne or more members of a class" are authorized to sue "as representative parties on behalf of all [class] members." Fed. R. Civ. P. 23. To qualify as a class action under Rule 23, a case must have the following characteristics: (1) too many plaintiffs to join through a typical joinder motion ("numerosity"), (2) certain common factual or legal issues shared by each member of the class ("commonality"), (3) a named plaintiff whose claim is typical of the claims of the unnamed plaintiffs ("typicality"), and (4) a named plaintiff who is an adequate representative of the unnamed plaintiffs' interests ("adequacy"). Fed. R. Civ. P. 23(a); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613 (1997). A case cannot proceed as a class action unless it is certified as such by the court. Fed. R. Civ. P. 23(c)(1).

---

[4] Although plaintiffs have requested injunctive relief in their prayer for relief, they have not filed a motion asking the court to order a preliminary injunction. See Fed. R. Civ. P. 7(b), 65; LR 7.1, 65.1.

[5] HCDOC's census on November 15, 2023 included 322 inmates at the Valley Street Jail, of which 85% were in pretrial detention. See Hillsborough Cty. Bd. of Comm'rs Mtg. Mins., Nov. 15, 2023, http://hcnh.org/Home/Meeting-Minutes (last accessed Dec. 6, 2023).

"As a general rule . . . an individual appearing pro se may not represent other individuals in federal court, see 28 U.S.C. § 1654, and courts have routinely denied a prisoner's request to represent a class of prisoners without the assistance of counsel." Vazquez v. Fed. Bureau of Prisons, 999 F. Supp. 2d 174, 177 (D.D.C. 2013) (citing cases). "[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a *pro se* litigant is not an adequate class representative." Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015) (emphasis in original).

Each plaintiff who signed the complaint (Doc. No. 1) is appearing pro se in this action, and none of them is an attorney admitted to the Bar of this court. Those pro se plaintiffs cannot adequately represent the interests of the hundreds of men and women in the class they have identified. Accordingly, the district judge should deny the request for class certification, without prejudice to plaintiffs' ability to refile a similar request through any counsel who appears on their behalf.

II.  Filing Fee

Prisoners and pretrial detainees who file lawsuits in federal court must pay a single filing fee for each case they file, either up front or over time, pursuant to 28 U.S.C. § 1915(b). The court may not take any further action in this case, and the case may be dismissed, if the single filing fee is not paid by one or more of the plaintiffs in this case, unless the court grants each of the plaintiffs permission to pay the fee over time, in the manner specified by law. See LR 4.4; see also 28 U.S.C. § 1915(b).

5

No party here has paid the filing fee up front. Two of the named plaintiffs, Mr. DeGiacomo and Mr. Schwartzenhauer, have filed a motion asking for leave to file the action without paying any filing fee (Doc. No. 2), but none of the remaining plaintiffs have filed similar motions.

Mr. DeGiacomo's and Mr. Schwartzenhauer's request to avoid having to pay the filing fee at all is not consistent with the requirements of 28 U.S.C. § 1915(b). Their motion lacks the information required by law, see generally id. Accordingly, the district judge should deny their motion to proceed in forma pauperis (Doc. No. 2), without prejudice to the ability of each plaintiff to file a complete application to proceed without prepayment of fees or costs, as directed in the Order issued this date.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that:

    1.    The district judge should DENY the request for class certification in the complaint (Doc. No. 1) without prejudice; and

    2.    The district judge should DENY the motion seeking leave to proceed in forma pauperis (Doc. No. 2) in this case, without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

                                        /s/
                                    Talesha L. Saint-Marc
                                    United States Magistrate Judge

December 12, 2023

cc: plaintiffs of record